NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2274
_____

JOSEPH WATLEY,
                    Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; THOMAS WOLF
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:20-cv-1146)
Magistrate Judge:  Honorable Susan E. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 4, 2022
_____

Before:  CHAGARES, Chief Judge, SHWARTZ and SCIRICA, Circuit Judges

(Opinion filed: October 17, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Chief Judge.

Joseph Watley appeals the District Court's dismissal of his complaint for lack of standing and its grant of an extension of time for the defendants to file a brief in support of their motion to dismiss. For the reasons below, we will affirm.

I.

We write primarily for the parties and recite only the facts essential to our decision. Watley is a resident of Connecticut. In 2016, Watley was issued three traffic citations while driving in Pennsylvania. He was arrested and held overnight in jail pursuant to 75 Pa. Cons. Stat. § 6305, which permits the arrest of a nonresident for violations of Pennsylvania's Vehicle Code unless the nonresident pays the applicable fine and complies with other procedural requirements.[1] The traffic citations were subsequently determined to be invalid.

Watley filed an action in federal court asserting that the officers who conducted the 2016 traffic stop violated his civil rights. See Watley v. Felsman, No. 3:16-cv-2059, 2018 WL 1532953, at *1 (M.D. Pa. Mar. 29, 2018). Watley was awarded nominal

---

[1] Section 6305 provides, in the relevant part:

> Upon arrest of a nonresident for any violation of this title, a police officer shall escort the defendant to the appropriate issuing authority for a hearing, posting of bond or payment of the applicable fine and costs, unless the defendant chooses to place the amount of the applicable fine (or the maximum fine in the case of a variable fine) and costs in a stamped envelope addressed to the appropriate issuing authority and mails the envelope in the presence of the police officer.

75 Pa. Cons. Stat. § 6305(a).

2

damages on his claim against one of the officers.  See Watley v. Felsman, 839 F. App'x 728, 730–31 (3d Cir. 2020).

Watley then filed the instant action in Pennsylvania state court contending that § 6305 violated his fundamental right to travel because it treats nonresidents differently from Pennsylvania residents.  The Commonwealth of Pennsylvania removed the case to the United States District Court for the Middle District of Pennsylvania.[2]  In his complaint, Watley alleges that he intends to return to Pennsylvania to collect the judgment he received in the first federal action and therefore could be subject to the provisions of § 6305 again as a nonresident.

The operative complaint "seeks only prospective injunctive relief."  Appendix 23. The defendants moved to dismiss the complaint pursuant to, among other things, Federal Rule of Civil Procedure 12(b)(1), arguing that Watley lacked standing to seek forward-looking injunctive relief.  The District Court granted this motion and dismissed the complaint without prejudice.  Watley timely appealed.

## II.[3]

Watley first argues that the District Court erred in granting the defendants' motion *nunc pro tunc* for an extension of time to file a brief in support of their motion to dismiss. Three days after the defendants' brief was due under the District Court's local rules, the

---

[2] The parties consented to proceed before Magistrate Judge Susan E. Schwab pursuant to 28 U.S.C. § 636(c).

[3] The District Court exercised jurisdiction over Watley's claim pursuant to 28 U.S.C. § 1331, though the court ultimately concluded that it did not have jurisdiction due to the lack of standing.  We exercise appellate jurisdiction under 28 U.S.C. § 1291.

3

defendants moved for an extension and simultaneously filed their brief. Watley opposed the motion and moved to strike the defendants' brief. We review the District Court's grant of the defendants' motion and decision to depart from its local rules for abuse of discretion. United States v. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 215 (3d Cir. 2000).

Watley's argument is based on the defendants' failure to comply with Local Rule 7.5, which requires a party to file a brief in support of any motion within fourteen days of the filing of that motion. M.D. Pa. Local Rule 7.5.[4] This rule provides that "[if] a supporting brief is not filed within the time provided in this rule the motion shall be deemed withdrawn." Id.

A district court "can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." Eleven Vehicles, 200 F.3d at 215. The District Court had sound reasons for not delaying its consideration of Watley's standing as the issue goes to the court's jurisdiction. See, e.g., Wayne Land & Min. Grp., LLC v. Del. River Basin Comm'n, 959 F.3d 569, 574 (3d Cir. 2020) ("[Article III standing] is an 'irreducible constitutional minimum,' without which a court would not have jurisdiction to pass on the merits of the action.") (quoting Lujan v. Defs. of Wildlife,

---

[4] Watley asserts that we should apply the "excusable neglect" standard for granting an extension of time under Federal Rule of Civil Procedure 6(b). Because the defendants' motion to dismiss was filed timely, and only their supporting brief was late, we conclude that the local rule applies more squarely here. Even if we were to apply the excusable neglect standard, it would not change the result herein.

4

504 U.S. 555, 560 (1992)).  Watley also does not claim he was prejudiced by the extension, nor could he, since the motion put him on notice that a basis for dismissal was lack of standing.  Because the rationale for departing from the Local Rule is evident from the record, we also reject Watley's argument that the court's failure to provide an explanation for its decision is reversible error.  Cf. Host Int'l, Inc. v. MarketPlace, PHL, LLC, 32 F.4th 242, 247 n.3 (3d Cir. 2022) ("[We] may affirm on any basis supported by the record, even if it departs from the District Court's rationale.").

We hold that the District Court did not abuse its discretion in granting the defendants' motion *nunc pro tunc* for an extension of time to file their brief.

### III.

Watley next argues that the District Court erred in concluding that he lacked standing to pursue prospective injunctive relief.  Because Watley alleges only a hypothetical future injury, we hold that the District Court properly dismissed the complaint for lack of standing.[5]

Article III standing has three elements:  "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins,

---

[5] We review the District Court's dismissal of the complaint under Rule 12(b)(1) de novo. In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 632 (3d Cir. 2017).  Because the defendants assert a facial challenge to Watley's standing, "we apply the same standard as on review of a motion to dismiss under Rule 12(b)(6)." Id. at 633. We therefore "accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff[ ]." Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).

578 U.S. 330, 338 (2016). Only the first element — injury in fact — is at issue here. To plead an injury in fact, the plaintiff must allege, inter alia, "that the injury is 'actual or imminent, not conjectural or hypothetical.'" Thorne v. Pep Boys Manny Moe & Jack Inc., 980 F.3d 879, 885 (3d Cir. 2020) (quoting Spokeo, 578 U.S. at 339). When a plaintiff seeks prospective relief, he or she must be presently suffering or "'likely to suffer future injury' from the defendant's conduct." McNair v. Synapse Grp. Inc., 672 F.3d 213, 223 (3d Cir. 2012) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)). A previous injury "does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Lyons, 461 U.S. at 102 (quoting O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974)).

Accepting the allegation in the complaint as true that Watley must travel to Pennsylvania, the complaint still fails to allege an injury that is "certainly impending" and only includes insufficient "[a]llegations of *possible* future injury." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (emphasis in original). Watley's asserted injury would require him travel to Pennsylvania, be stopped for a traffic violation, and receive a ticket for that violation. See Lyons, 461 U.S. at 108. This chain of events is too hypothetical to support an inference that the Watley's allegations of standing are plausible. This is especially true given that we cannot assume Watley will violate Pennsylvania's Vehicle Code in the future. Cf. United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1541 (2018) ("We have instead 'assume[d] that [litigants] will conduct their

6

activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct.'") (quoting O'Shea, 414 U.S. at 497).[6]

Because Watley has not alleged a sufficient injury in fact, we conclude that he lacks to standing to seek prospective relief.

## IV.

For the foregoing reasons, we will affirm the District Court's order.

---

[6] We have considered Watley's other arguments and conclude that they are without merit. Although Watley invokes the "capable of repetition yet evading review" doctrine, it is inapplicable under the circumstances here. See Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (3d Cir. 2000) ("[I]f a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum."). Watley's reliance on Stilp v. Contino, 613 F.3d 405, 406 (3d Cir. 2010), is also misplaced as it did not address the issue of standing. Lastly, Watley does not allege that § 6305 created a legal right to support his asserted injury, and therefore, he cannot rely on In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d at 635.